IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Steven Mendoza, | ) |
|       *Plaintiff,* | ) |
| -vs- | ) No. 21-cv- |
| Thomas Dart, Sheriff of Cook County, and Cook County, Illinois, | ) |
|       *Defendants.* | ) |

## COMPLAINT

Plaintiff Steven Mendoza, refiles claims that were dismissed without prejudice in *Mendoza v. Dart*, 20 C 670, and, by counsel, alleges as follows:

1. This is a civil action arising under Section 202 of the Americans with Disabilities Act, 42 U.S.C. §12132 and Section 504 of the Rehabilitation Act, 29 U.S.C. §794(a). The jurisdiction of this Court is conferred by 28 U.S.C. §12133, and 29 U.S.C. §794a(a)(2).

2. Plaintiff Steven Mendoza was processed into Cook County Jail on November 18, 2019 and was assigned booking number 20191118014.

3. Presently, plaintiff Mendoza is not confined in any detention or correctional facility.

4. Defendant Thomas Dart is the Sheriff of Cook County. Plaintiff sues Dart in his official capacity only.

5. Defendant Cook County, in collaboration with the Sheriff as outlined in the January 2011 Inter-Agency Agreement, is responsible for accommodating the needs of disabled prisoners remanded to the Sheriff of Cook County and is a necessary party in this action pursuant to *Carver v. Sheriff of LaSalle County*, 324 F. 3d 947 (7th Cir. 2003).

6. Defendants Sheriff and Cook County have received federal funds since at least 2011.

7. Plaintiff Mendoza is paralyzed. He requires a wheelchair to move from place to place.

8. Plaintiff Mendoza attended court at Leighton in Courtroom 600.

9. According to Officer Joseph De Los Monteros, an officer who escorted plaintiff to court at Leighton, there are no accessible bathrooms for wheelchair using detainees at the courthouse.

10. Officer Joseph De Los Monteros testified that for a wheelchair-user to reach an accessible bathroom, he (or she) must be transported to the basement of the Cook County Jail using either the detainee or freight elevator. He also testified it would take anywhere from 10 to 15 minutes for a wheelchair user to reach this ADA bathroom from Courtroom 600.

11. Nondisabled detainees attending Courtroom 600 are held in a bullpen adjacent to the courtroom and have free access to a toilet and sink adjacent to the courtroom.

12. At Leighton, the plaintiff did not have access to an accessible sink and toilet. Defendants also did not provide reasonable modifications to policies and procedures to provide toilet and sink access to wheelchair-using detainees assigned to Courtroom 600. As a result, the plaintiff was deprived the ability to toilet and use the sink on a basis equal to nondisabled inmates.

13. Wheelchair-users in the general public do not experience physical barriers toileting and using the sink at Leighton because the public bathrooms have been renovated to meet the ADA structural standards.

14. Plaintiff was harmed because he was not provided toilet and sink access when attending court at Leighton. In addition to physical and emotional damages, plaintiff was deprived the opportunity and full participation in access to toilets and sinks in violation of his rights under the ADA and Rehabilitation Act.

15. The refusal of defendants to correct the obvious physical barriers or provide reasonable accommodations for wheelchair-using detainees to toilet and use the sink when attending Courtroom 600 violated plaintiff's rights secured by the ADA and Rehabilitation Act.

16. Plaintiff demands trial by jury on his claim for damages.

It is therefore respectfully requested that judgment be entered in favor of plaintiff for appropriate compensatory damages, and that the Court grant whatsoever other relief may be appropriate, including an award of attorney's fees and costs.

/s/ Patrick W. Morrissey
ARDC No. 6309730
Thomas G. Morrissey
Thomas G. Morrissey, Ltd.
10150 S. Western Ave., Ste. Rear
Chicago, Illinois 60643
(773) 233-7901
pwm@morrisseylawchicago.com

*Attorney for Plaintiff*