IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| STEVEN MENDOZA, | ) |
| *Plaintiff,* | ) ) ) |
| -vs- | ) Case No. 21-cv-3727 ) |
| THOMAS DART, Sheriff of Cook County, and COOK COUNTY, ILLINOIS, | ) Judge Elaine E. Bucklo ) ) ) |
| *Defendants.* | ) |

## DEFENDANT SHERIFF DART'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT

Defendant, THOMAS DART, Sheriff of Cook County, by his attorney KIMBERLY M. FOXX, State's Attorney of Cook County, through her Special Assistant State's Attorney, JOHNSON & BELL, LTD., submits the following answer and affirmative defenses to Plaintiff's amended complaint as follows:

1. This is a civil action arising under Section 202 of the Americans with Disabilities Act, 42 U.S.C. §12132 and Section 504 of the Rehabilitation Act, 29 U.S.C. §794(a). The jurisdiction of this Court is conferred by 28 U.S.C. §12133, and 29 U.S.C. §794a(a)(2).

**ANSWER: Defendant admits this case is brought under Section 202 of the Americans with Disabilities Act, 42 U.S.C. § 12132, and Section 504 of the Rehabilitation Act, 29 U.S.C. §794(a). Defendant admits that jurisdiction of this Court is proper, although not pursuant to "28 U.S.C. §12133" as cited by Plaintiff. Defendant denies it has any liability for any claim.**

2. Plaintiff Steven Mendoza was processed into Cook County Jail on November 18, 2019 and was assigned booking number 20191118014.

**ANSWER: Admitted.**

3. Presently, plaintiff Mendoza is not confined in any detention or correctional facility.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.**

4. Defendant Thomas Dart is the Sheriff of Cook County. Plaintiff sues Dart in his official capacity only.

**ANSWER: Defendant admits that Thomas Dart is the Sheriff of Cook County and has been named in his official capacity.**

5. Defendant Cook County, in collaboration with the Sheriff as outlined in the January 2011 Inter-Agency Agreement, is responsible for accommodating the needs of disabled prisoners remanded to the Sheriff of Cook County and is a necessary party in this action pursuant to *Carver v. Sheriff of LaSalle County*, 324 F. 3d 947 (7th Cir. 2003).

**ANSWER: Defendant admits certain reasonable accommodations are made for persons with disabilities, pursuant to federal law. Defendant Cook County is also a necessary party in this action pursuant to *Carver v. Sheriff of LaSalle County*, 324 F.3d 947 (7th Cir. 2003).**

6. Defendants Sheriff and Cook County have received federal funds since at least 2011.

**ANSWER: Defendant admits it has received federal financial assistance but lacks knowledge as to the dates.**

7. Defendant Cook County owns the Leighton Courthouse. Defendant Cook County is responsible for making physical modifications to the Leighton Courthouse.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.**

8. Defendant Sheriff of Cook County is responsible for all detainees transported to the Leighton Courthouse. Defendant Sheriff of Cook County is responsible for making reasonable modifications to their policies, practices, or procedures to accommodate wheelchair-using detainees who confront physical barriers at Leighton when toileting and accessing the sink.

**ANSWER: Defendant admits it has certain responsibilities for detainees within its custody, which may include making reasonable modifications to their policies, practices, or procedures to accommodate persons with disabilities, pursuant to federal law. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.**

9. Defendant Sheriff of Cook County has known since at least April 19, 2014 that the Leighton Courthouse does not have any handicapped toilets for detainees.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.**

10. From April 19, 2014 to the present, the Sheriff of Cook County has failed to implement reasonable modifications to their policies, practices, or procedures to accommodate wheelchair-using detainees who need to toilet or access the sink at Leighton.

**ANSWER: Defendant denies the allegations in this paragraph.**

11. Plaintiff Mendoza is paralyzed. He requires a wheelchair to move from place to place.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.**

12. Plaintiff Mendoza attended court at Leighton in Courtroom 600.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.**

13. According to Officer Joseph De Los Monteros, an officer who escorted plaintiff to court at Leighton, there are no accessible bathrooms for wheelchair using detainees at the courthouse.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.**

14. Officer Joseph De Los Monteros testified that for a wheelchair-user to reach an accessible bathroom, he (or she) must be transported to the basement of the Cook County Jail using either the detainee or freight elevator. He also testified it would take anywhere from 10 to 15 minutes for a wheelchair user to reach this ADA bathroom from Courtroom 600.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.**

15. Nondisabled detainees attending Courtroom 600 are held in a bullpen adjacent to the courtroom and have free access to a toilet and sink adjacent to the courtroom.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.**

16. At Leighton, the plaintiff did not have access to an accessible sink and toilet. Defendants also did not provide reasonable modifications to policies and procedures to provide toilet and sink access to wheelchair-using detainees assigned to Courtroom 600. As a result, the plaintiff was deprived the ability to toilet and use the sink on a basis equal to nondisabled inmates.

**ANSWER: Defendant denies violating the ADA or the Rehabilitation Act. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph.**

17. Indeed, plaintiff requested the Sheriff's staff to transport him to a bathroom that he could use because of a sensation to urinate. In response to this request, plaintiff was told that all inmate bathrooms were the same and that there was no other bathroom for him to use. Because of the physical barriers present at Leighton and the Sheriff's inability to fashion some reasonable accommodation for plaintiff to toilet, plaintiff urinated on himself.

**ANSWER: Defendant denies violating the ADA or the Rehabilitation Act. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph.**

18. Wheelchair-users in the general public, however, do not experience physical barriers toileting and using the sink at Leighton because the public bathrooms have been renovated to meet the ADA structural standards.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.**

19. Plaintiff was harmed because he was not provided toilet and sink access when attending court at Leighton. In addition to physical and emotional damages, plaintiff was deprived the opportunity and full participation in access to toilets and sinks in violation of his rights under the ADA and Rehabilitation Act.

**ANSWER: Defendant denies violating the ADA or the Rehabilitation Act. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph.**

20. The refusal of defendants to correct the obvious physical barriers or provide reasonable accommodations for wheelchair-using detainees to toilet and use the sink when attending Courtroom 600 violated plaintiff's rights secured by the ADA and Rehabilitation Act.

**ANSWER: Defendant denies the allegations in this paragraph.**

21. Plaintiff demands trial by jury on his claim for damages.

**ANSWER: Defendant admits Plaintiff has demanded a trial by jury but denies that it has any liability for any claim.**

## AFFIRMATIVE DEFENSES

Further answering Plaintiff's complaint, Defendant alleges the following separate affirmative defenses against Plaintiff.

### I. Exhaustion of Administrative Remedies

1. On the date Plaintiff filed his complaint in the first filed action, *Mendoza v. Dart et al.*, 20-cv-670 (N.D. Ill.), he was a "prisoner," as that term is defined in the Prison Litigation Reform Act ("PLRA"). *See* 42 U.S.C. § 1997e(h) ("[T]he term 'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program."); *Dixon v. Page*, 291 F.3d 485, 489 (7th Cir. 2002) ("[A] plaintiff's status as a 'prisoner' is to be determined as of the time he brought the lawsuit.").

2. The PLRA provides that "[n]o action shall be brought with respect to prison conditions under . . . 42 U.S.C. 1983 . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); *see also Dale v. Lappin*, 376 F.3d 652, 655 (7th Cir. 2004).

3. Plaintiff failed to properly exhaust his administrative remedies, and therefore, his claims are barred by the PLRA.

## II. Mental or Emotional Injury

4. The PLRA provides that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act . . . ." 42 U.S.C. § 1997e(e).

5. Plaintiff's alleged physical injury is not a physical injury as required by Section 1997e(e). *Pearson v. Welborn*, 471 F.3d 732, 744 (7th Cir. 2006).

6. To the extent Plaintiff seeks damages for mental or emotional injury, his claim is barred because he cannot show physical injury as required by Section 1997e(e) of the PLRA.

## III. Immunity from Punitive Damages

7. Local governments are immune from punitive damages liability under 42 U.S.C. § 1983. *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1981).

8. Therefore, to the extent Plaintiff seeks punitive damages from Defendant Sheriff Dart, Defendant asserts immunity from the same.

## IV. Failure to Mitigate

9. To the extent Plaintiff claims any damages against Defendant, Plaintiff had a duty to mitigate those damages. *Wells v. City of Chicago*, No. 07 C 3372, 2009 WL 528307, at *8 (N.D. Ill. Feb. 25, 2009).

10. Without waiving its denials to Plaintiff's allegations and to the extent Plaintiff has failed to mitigate his damages, any award of damages must be reduced or eliminated for his failure to mitigate.

## V. Statute of Limitations

11. To the extent Plaintiff seeks damages from Defendant for injuries occurring more than two years before filing his complaint, Plaintiff's claims are barred by the statute of limitations. *See Lewis v. City of Chicago*, 914 F.3d 472, 478 (7th Cir. 2019) ("A § 1983 claim borrows the statute of limitations for analogous personal-injury claims in the forum state; in Illinois that period is two years.").

## VI. Plaintiff's Willful and Wanton Conduct

12. To the extent any injuries or damages claimed by Plaintiff were proximately caused, in whole or in part, by negligent, willful, wanton, and/or other wrongful conduct on the part of Plaintiff, any verdict or judgment obtained by Plaintiff must be reduced by application of the principles of comparative fault in an amount commensurate with the degree of fault attributed to Plaintiff by the jury in the case.

## VII. Additional Affirmative Defenses

13. Defendant reserves the right to assert additional affirmative defenses as they become known through the course of litigation.

## JURY DEMAND

With regard to any issue that may be appropriately heard by a jury in this cause of action, Defendant hereby demands a jury trial.

WHEREFORE, Defendant, Sheriff Thomas Dart, denies that Plaintiff is entitled to any damages, injunctive relief, costs, attorney's fees, witness fees, or other relief. Defendant prays that this Honorable Court grant judgment in its favor and against Plaintiff on all aspects of his amended complaint and further requests that this Honorable Court grant judgment of Defendant's fees, costs, and such other relief that this Court deems just and appropriate.

                                                  Respectfully submitted,

                                                  KIMBERLY M. FOXX
                                                  State's Attorney of Cook County

Dated: October 8, 2021                      /s/ *Samuel D. Branum*
                                                  Special Assistant State's Attorney

Monica Burkoth (burkothm@jbltd.com)
Lisa M. McElroy (mcelroyl@jbltd.com)
Samuel D. Branum (branums@jbltd.com)
Johnson & Bell, Ltd.
33 W. Monroe, Ste. 2700
Chicago, Illinois 60603
(312) 372-0770

9